CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 30 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| NELL LOUISE COX, et al., | ) | |
| | ) | Civil Action No. 2:13-CV-29 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| ALPHA LAND AND RESERVES, LLC, et al., | ) | By:   Samuel G. Wilson |
| | ) | United States District Judge |
| Defendants. | ) | |

On June 7, 2013, plaintiffs Nell Louise Cox, James E. Collins, individually, and James E. Collins, Trustee of James E. Collins Trust Agreement Dated June 18, 1997 filed this action asserting subject matter jurisdiction under 28 U.S.C. § 1332 against the defendants concerning a dispute over real property in Virginia. The defendants include Alpha Land and Reserves, LLC; ACIN, LLC; and Virginia Electric Power Co. d/b/a Dominion Virginia Power Co., LLC.

The defendants moved the court to dismiss the case under Fed. R. Civ. P. 12(b)(1) for lack of complete diversity of citizenship on July 25, 2011. The plaintiffs have filed no opposition and the deadline for responding under W.D. Va. Civ. R. 11(c)(1) has expired. In accordance with W.D. Va. Civ. R. 11(b) and Fed. R. Civ. P. 78(b), the court will determine the motion without an oral hearing. The court finds that the case lacks complete diversity of citizenship under 28 U.S.C. § 1332 and will, therefore, dismiss it.[*]

The defendants argue that the citizenship of defendant ACIN, LLC destroys complete diversity. For purposes of diversity jurisdiction, no defendant can share citizenship with any plaintiff. 28 U.S.C. § 1332(a). According to the Complaint, the plaintiffs are all citizens of

---

[*] The defendants also moved the court to dismiss the case under Fed. R. Civ. P. 12(b)(6). The court's finding under Fed. R. Civ. P. 12(b)(1) renders additional rulings unnecessary.

1

Tennessee. As a limited liability company, the citizenship of ACIN, LLC is determined by the citizenship of its members. See Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004). The uncontradicted facts before the court indicate:

(1) ACIN, LLC is wholly owned by NRP (Operating) LLC;

(2) NRP (Operating) LLC is wholly owned by Natural Resource Partners, LP; and

(3) when the plaintiffs commenced this action, Natural Resource Partners, LP had one or more limited partners who were citizens of Tennessee.

As a limited partnership, Natural Resource Partners, LP has the citizenship of all of its partners, both general and limited. See New York State Teachers Retirement System v. Kalkus, 764 F.2d 1015, 1019 (4th Cir. 1985). Its citizenship and, therefore, the citizenship of defendant ACIN, LLC includes Tennessee. Because the plaintiffs and ACIN, LLC share citizenship in Tennessee, complete diversity of citizenship does not exist.

For the foregoing reasons, the court concludes that it lacks subject matter jurisdiction under 28 U.S.C. § 1332. The Court will, accordingly, dismiss the case.

**ENTER:** August 29, 2013.

_____
UNITED STATES DISTRICT JUDGE